FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2026

SEAN F. MCAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRANDON C.,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:24-cv-00156-RHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ECF Nos. 7, 9, 13** |

Before the Court is the Report and Recommendation issued by Magistrate Judge Alexander Ekstrom, ECF No. 13, recommending Plaintiff's Motion for Summary Judgment, ECF No. 7, be denied and Defendant's Motion for Summary Judgment, ECF No. 9, be granted. Plaintiff filed objections to the Report and Recommendation, to which Defendant responded.[1] ECF Nos. 14, 15. Having

[1] Defendant's response was belatedly filed without objection from opposing counsel, after counsel did not note Plaintiff's objections. The Court accepts the belated response. Defense counsel is warned that Local Civil Rule 7 requires leave of court be obtained in advance of filing a late brief.

conducted a de novo review of those portions of the Report and Recommendation to which objections have been made, the Court adopts the Report and Recommendation in full and finds the Magistrate Judge's findings are correct. Therefore, the Court adopts the Report and Recommendation in its entirety with the following explanation.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Nevertheless, objections to a magistrate judge's report and recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g., El Papel LLC v. Inslee*, No. 2:20-cv-01323-RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. C14-0511JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended

opening memorandum or in his reply memorandum").

Plaintiff's objections re-hash and attempt to re-litigate the same points asserted in the opening memorandum and reply brief, which were considered and resolved in the Report and Recommendation. The Court wholly agrees with the facts, law, analysis, and conclusion in the Report and Recommendation. As such, the Court only briefly addresses the objections.

As to Plaintiff's objections regarding the analysis of his symptom claims, when the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the Commissioner. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). While Plaintiff disagrees with the ALJ's findings and cites evidence favorable to him, the ALJ did not ignore this evidence, and ALJ's rationale is "clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff claims the Report and Recommendation "is incorrect" in stating that the ALJ was not required to articulate how the ALJ considered the lay witness testimony. ECF No. 14 at 10. However, the Report and Recommendation accurately sets forth the current state of the law. The new regulations, 20 C.F.R. § 404.1520c(d), state an ALJ is not required to articulate how nonmedical source evidence is considered. *See Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. Jan. 23, 2024) (ALJ "not required to articulate how [she] considered evidence

from nonmedical sources under the new regulations") (internal quotation marks omitted); *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) ("It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions."). The Report and Recommendation also accurately points out that it remains an open question whether the regulation impacts an ALJ's analysis of lay witness testimony. *See Wilson v. O'Malley*, No. 23-35463, 2024 WL 2103268, at *2 (9th Cir. May 10, 2024) (stating is it unclear "whether an ALJ is required to provide germane reasons for discounting lay witnesses under the new regulations"). The recommendation does not "attempt to fill in" omissions for the ALJ, but rather identifies the ALJ's germane reason for partially rejecting the lay evidence--its inconsistency with the record, including medical evidence supporting an RFC limitation to less than a full range of light work.

Finally, as to step five, Plaintiff reiterates his claim that his inability "to tolerate more than 20 minutes of supervisor interaction in a one-hour training session" prevents Plaintiff from progressing past the work training period of any job. Plaintiff's argument is not supported by the vocational expert's testimony. The vocational expert was asked by the ALJ to identify jobs accommodating an individual limited to occasional contact with supervisors during the training period,

the expert did so, Tr. 67-68, and the ALJ properly relied upon this testimony. At the hearing, Plaintiff's counsel asked a hypothetical question regarding work entailing a "one-hour training" meeting and a "one-day training." The vocational expert explained that SVP 2 work entails only a "short demonstration" of "one, two, and three, and this is what your work entails" and typically it is "not that long." Tr. 70. Plaintiff provides no evidence the training period for any of the identified jobs would ever require a one-hour training session or more than occasional interaction with supervisors, nor is it likely, given that they are all SVP 2. Lastly, as the Report and Recommendation correctly concludes, Plaintiff's claim that the limitation to simple tasks is incompatible with level two reasoning jobs is inconsistent with the Ninth Circuit's discussion in *Zavalin v. Colvin*, 778 F.3d 842, 843, 847 (9th Cir. 2015), where the court joined the Tenth Circuit in concluding the limitation to simple tasks is more consistent with level two reasoning (though inconsistent with level three reasoning).

Accordingly, **IT IS ORDERED**:

1. Plaintiff's objections to the Report and Recommendation, **ECF No. 14**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 13**, is **ADOPTED** in its entirety.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 7**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 9**, is **GRANTED**.

The District Court Executive is directed to enter this order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Ekstrom, and **CLOSE THE FILE**.

DATED August 24, 2026.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge